UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| | |
| MONROE WILSON, JR., | CHAPTER 13 |
| | |
| DEBTOR | CASE NO. 18-53522-JRS |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED
CHAPTER 13 PLAN, DEADLINE FOR FILING WRITTEN OBJECTIONS
AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

TO:    Creditors and Other Parties in Interest

**PLEASE TAKE NOTICE** that the Debtor has filed a proposed Modification to Confirmed Chapter 13 Plan, a copy of which Modification you are receiving with this Notice or have recently received by United States Mail.  Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file a written objection with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION:**  Twenty-four (24) days after the date on which this proposed Modification was filed.  If the twenty-fourth (24th) day after the date of filing falls on a week-end or holiday, the deadline is extended to the next business day.

**PLACE OF FILING:**

Clerk, United States Bankruptcy Court
1340 Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

If you mail an objection to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at: **5675 Hampton Court, College Park, GA 30349.**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification of Confirmed Chapter 13 Plan **on September 8, 2020 at 10:10 AM, Courtroom 1404, Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.  If no objection is timely filed, the Court may approve the proposed Modification without further notice or hearing.**

**Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.**

This August 6, 2020

342 North Clarendon Avenue
Scottdale, GA 30079
404-499- 2700
contactus@fieldlawoffice.com

Respectfully Submitted,
JEFF FIELD & ASSOCIATES

/s/ Christopher J. Sleeper

_____
CHRISTOPHER J. SLEEPER
Attorney for Debtor
State Bar No. 700884

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| MONROE WILSON, JR., | CHAPTER 13 |
| DEBTOR | CASE NO. 18-53522-JRS |

**POST CONFIRMATION MODIFICATION OF
CHAPTER 13 PLAN AND REQUEST FOR APPROVAL**

**MODIFICATION OF PLAN**

Debtor has had an increase in medical expenses due to cancer. Debtor modifies the Chapter 13 Plan that was confirmed on or about July 12, 2018 as follows:

1.

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ☒ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$230.00** $400.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

2.

**§ 3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the
trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Capital One Auto Finance | 2012 GMC Sierra 1500 64,000 miles | Opened 12/12 Last Active 12/28/17 | $9,555.62 | 5.25% | $100.00 | **$160.00; step to $210.00 in July 2021** $172.00 step to 372.00 10/19 |

3.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**3,950.00**__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**$50.00**__ 200.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

Dated: August 6, 2020

                                             Respectfully submitted,
                                             JEFF FIELD & ASSOCIATES

                                             /s/ Christopher J. Sleeper
                                             _____
                                             CHRISTOPHER J. SLEEPER
                                             Attorney for Debtor
                                             State Bar No. 700884

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and exact copy of the foregoing Post-Confirmation Plan Modification to the following:

Nancy J. Whaley, Chapter 13 Trustee         *Electronically*

Monroe Wilson, Jr.
5675 Hampton Court
College Park, GA 30349

All Creditors On The
Attached Mailing Matrix

by electronic service upon filing with the Court or by placing a copy of same in a properly addressed envelope with sufficient postage affixed thereon to insure delivery and depositing same in the United States Mail.

Dated: August 6, 2020

Respectfully Submitted,
JEFF FIELD & ASSOCIATES

/s/ Christopher J. Sleeper

342 North Clarendon Avenue
Scottdale, GA 30079
404-499- 2700
contactus@fieldlawoffice.com

CHRISTOPHER J. SLEEPER
Attorney for Debtor
State Bar No. 700884

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 18-53522-jrs<br>Northern District of Georgia<br>Atlanta<br>Thu Aug  6 14:50:02 EDT 2020 | Advance America<br>2093 Caton Street<br>New Orleans, LA 70122-3146 | Advance America, Cash Advance Centers of LA,<br>135 North Church Street<br>Spartanburg, SC 29306-5138 |
| America Cash Advance<br>3868 Gentilly Blvd.<br>Suite B<br>New Orleans, LA 70122-6160 | Attn: Capital One Auto Finance, a division o<br>AIS Portfolio Services, LP<br>Account: XXXXXXXXX9166<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Capital One Auto Finance<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One Auto Finance, c/o AIS Portfolio<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | R. Jeffrey Field<br>Jeffrey Field & Associates<br>342 North Clarendon Avenue<br>Scottdale, GA 30079-1320 | First Premier Bank<br>Po Box 5524<br>Sioux Falls, SD 57117-5524 |
| (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Internal Rev. Service<br>P.O. Box 7346<br>Philadelphia PA 19101-7346 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 |
| (p)RECEIVABLE RECOVERY SERVICES LLC<br>ATTN ANNA MARTIN<br>110 VETERANS MEMORIAL BLVD STE 445<br>METAIRIE LA 70005-4931 | Stor-All Gentilly Woods<br>4601 Chef Menteur Hwy.<br>New Orleans, LA 70126-5010 | U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta GA 30303-3315 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Georgia Department of Revenue<br>Compliance Division<br>1800 Century Blvd., NE, S9100<br>Atlanta, GA 30345 | Receivable Recovery Service Llc<br>Rrs<br>110 Veterans Memorial Blvd Ste 445<br>Metairie, LA 70005 | End of Label Matrix<br>Mailable recipients    14<br>Bypassed recipients     0<br>Total                  14 |